IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REGINALD EDWARD GREEN | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv396 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Reginald Edward Green, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant asserts he received ineffective assistance of counsel.

Factual Background

Following a jury trial, movant was convicted of resisting a federal officer resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b). Movant was sentenced to 24 months of imprisonment. The conviction was affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Green*, 787 F. App'x 844 (5th Cir. 2019).

Analysis

Movant's grounds for review concern Government's Exhibit 3. This exhibit is a photograph of movant in the prison medical center shortly after the incident which led to the conviction. The photograph shows movant with shackles on his hands. Officers are holding him while he is examined by medical staff. At trial, movant objected to the admission of the exhibit based on Federal Rules of Evidence 401 and 403. On appeal, movant challenge to the admission of the exhibit was only based on Rule 403.

In his motion to vacate, movant states that part of Exhibit 3 was hearsay. At the top of the exhibit is a header reading "Federal Correctional Complex." At the bottom of exhibit is a block where the type of incident and the date and time of the incident is stated. The block also identifies the staff members involved in the incident, the inmate involved and the person who took the photograph. The type of incident is described as "inmate assault on staff." Movant is identified as being the inmate involved.

Movant asserts he received ineffective assistance of counsel because counsel failed to object to the admission of the exhibit as hearsay. Movant is presumably referring to the description on the exhibit of the type of incident and identification of the inmate involved in the incident. He states counsel should have also argued that the admission of the exhibit violated the Confrontation Clause of the Constitution.

*Legal Standard for Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, a movant must establish counsel's performance was deficient, and that the deficient performance prejudiced the movant's defense in ths matter. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). As a movant must prove both deficient performance on the part of counsel and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995). To overcome the presumption that counsel rendered reasonable, professional assistance, a movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90.

In addition to proving counsel's performance was deficient, a movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant

must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Mere allegations of prejudice are insufficient; a movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

*Application*

A. Hearsay

Federal Rule of Evidence 801(c) defines hearsay to be a statement that the declarant does not make while testifying in the current trial or hearing and which a party offers into evidence to prove the truth of the matter asserted in the statement. The trial transcript supports the conclusion that the government sought to admit Exhibit 3 because of the photograph in the exhibit, rather than because of the writing below the exhibit. The prosecutor stated the government sought to admit the photograph in the exhibit because it showed what movant looked like shortly after the event. There is no indication that the government was attempting to use the writing below the exhibit in order to prove that what the writing said was true. In other words, the writing below the photograph was not offered to prove the truth of the matter asserted in the writing. As a result, the writing below the exhibit did not constitute hearsay as defined in Rule 801(c).

In addition, even if the writing in the block underneath the photograph could be considered hearsay, it was admissible under an exception to the hearsay rule. Federal Rule of Evidence 803(6) provides that records of a regularly conducted activity of an organization are not excluded by the rule against hearsay. It appears that the photograph and the writing in the block were records of a regularly conducted activity of the Bureau of Prisons–the investigation and documentation of

physical confrontations between inmates and staff.  The exception set forth in Rule 803(6) therefore applied.

For the reasons set forth above, the writing in the block on Exhibit 3 was either not hearsay or admissible under an exception to the hearsay rule.  Counsel's failure to object to the writing as hearsay therefore did not fall below an objective standard of reasonableness and did not cause movant to suffer prejudice.

B.  Confrontation Clause

The Confrontation Clause prohibits the admission of an out-of-court testimonial statement unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness.  *Crawford v. Washington*, 541 U.S. 36, 59 (2004).  This prohibition is "irrespective of whether the statement falls within a firmly rooted hearsay exception or bears particularized guarantees of trustworthiness."  *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005).  Testimonial statements may be admitted, however, so long as they are not being used to prove the truth of the matter asserted.  *Id*. at 349, *Crawford*, 541 U.S. at 59 n.9 ("The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").  Further, statements are testimonial if they were "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."  *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (quoting *Crawford*, 541 U.S. at 51-52).  A statement is testimonial when the circumstances objectively indicate that the primary purpose of the interrogation is to establish or prove past events potentially relevant to a criminal prosecution.  *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The writing in the block underneath the photograph was not testimonial and was therefore not barred by the Confrontation Clause.  The primary purpose of the writing was to investigate internally and document an altercation between an inmate and a staff member.  The primary purpose of the writing was not for use in a later criminal prosecution.  Further, the writing in the block was also not testimonial because, as explained above, the writing was not admitted for the purpose of proving the truth of what was asserted in the block.

As the writing in the block was not testimonial, the admission of Exhibit 3 did not violate the Confrontation Clause.  Accordingly, counsel's failure to object to its admission on such basis did not fall below an objective standard of reasonableness or result in prejudice.[1]

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit.  A final judgment shall be entered denying the motion to vacate.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reasons, that a court could resolve the issues in a different manner, or that the

---

[1] Movant also assert the court should have *sua sponte* refused to admit Exhibit 3 into evidence as hearsay and as violating the Confrontation Clause.  However, as explained above, it would have been error to exclude Exhibit 3 either as violating the rule against hearsay or violating the Confrontation Clause.  The court therefore did not err by failing to *sua sponte* exclude the exhibit.

questions presented are worth of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that any of the issues raised in the motion to vacate are subject to debate among jurists of reason or could be resolved in a different manner. Nor has he shown that the issues raised are worthy of encouragement to proceed further. As a result, a certificate of appealabiltiy shall not issue in this matter.

**SIGNED** this the **24** day of **August, 2021.**

_____
Thad Heartfield
United States District Judge